1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                        **DISTRICT OF NEVADA**
8
9   TRAVERS ARTHUR GREENE,            )
10              Petitioner,           )        2:07-cv-0304-RLH-GWF
                                      )
11  vs.                               )
                                      )        **ORDER**
12  E.K. McDANIEL, *et al.*,          )
                                      )
13              Respondents.          )
                                      )
14  _____/
15
16          In this capital habeas corpus action, there are, before the court for decision, a motion
17  to dismiss (docket #28) filed by the respondents, and a motion for stay and abeyance (docket #65)
18  and motion for leave to conduct discovery (docket #52) filed by the petitioner.  The court will deny
19  the respondents' motion to dismiss and the petitioner's discovery motion, and will grant the motion
20  for stay and abeyance, and stay this action pending the conclusion of pending state-court habeas
21  proceedings.
22          This habeas corpus action is brought pursuant to 28 U.S.C. § 2254, by Travers Arthur
23  Greene, a Nevada prisoner sentenced to death.  Petitioner's conviction and death sentence result
24  from the shooting and killing of two people near Las Vegas on September 23, 1994.  Petitioner was
25  found guilty and sentenced to death following a jury trial, which was conducted in September and
26  October 1995.  The judgment of conviction was entered December 12, 1995.

1          Petitioner appealed to the Nevada Supreme Court, and that court affirmed on

2  January 4, 1997.  *Greene v. State,* 113 Nev. 157, 931 P.2d 54 (1997).  Petitioner then pursued a

3  habeas petition in state court. That petition was ultimately unsuccessful.  The Nevada Supreme Court

4  affirmed its denial on November 14, 2006.  Subsequently, on February 28, 2008, petitioner initiated

5  a second state-court habeas petition.  That action remains pending.

6          Meanwhile, this court received from petitioner a *pro se* habeas corpus petition (docket

7  #1), initiating this action, on March 9, 2007.  The court appointed counsel for petitioner (docket #4,

8  #7).  On February 6, 2008, petitioner filed an amended petition for writ of habeas corpus (docket

9  #16).  The amended petition includes 17 grounds for relief.  According to the parties, the amended

10  petition in this action is essentially identical to the petition pending in state court.

11          On July 1, 2008, respondents filed their motion to dismiss (docket #28).  In that

12  motion, respondents argue that all the claims in the amended petition except one – Ground 9 – are

13  unexhausted in state court.

14          On July 31, 2008, petitioner filed an opposition to the motion to dismiss, along with a

15  motion for stay and abeyance and a motion for leave to conduct discovery (docket #51, #52, #65).

16  Petitioner contends that all but four of his claims – Grounds 3, 10, 14, and 16 – are exhausted.

17  Petitioner argues that respondents are judicially and equitably estopped from taking the position that

18  several of his claims are not exhausted.  Petitioner argues that he should be excused from exhausting

19  the factual bases of certain of his claim due to alleged inadequacy of state corrective process.  And,

20  petitioner argues that the court should stay this case pending completion of the pending state-court

21  habeas proceeding.

22          On December 5, 2008, respondents filed a reply in support of their motion to dismiss

23  and an opposition to petitioner's motion for stay and abeyance (docket #73), as well as an opposition

24  to petitioner's discovery motion (docket #74).  On December 19, 2008, petitioner filed a reply in

25  support of his motion for stay and abeyance (docket #75) and a reply in support of his discovery

26  motion (docket #76).

1    A federal court may not grant habeas corpus relief on a claim not exhausted in state

2  court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity,

3  and is intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*

4  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the

5  claim to the highest state court, and must give that court the opportunity to address and resolve it.

6  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

7  10 (1992).

8    It is plain that the amended petition in this action is a mixed petition – meaning that it

9  contains both exhausted and unexhausted claims.  While the parties disagree about the exhaustion of

10  many of the claims in the amended petition, the parties agree that Grounds 3, 10, 14, and 16 are

11  unexhausted.  *See* Amended Petition (docket #16), p. 3.

12    Petitioner requests that this action be stayed while he completes the exhaustion of all

13  his claims in state court; he argues – correctly – that, if his mixed amended petition is dismissed

14  without prejudice, as requested by respondents, he may face limitations issues when he attempts

15  to file a new federal petition after exhausting his claims in state court.  This is because of the

16  well-settled rule that the pendency of a federal habeas petition does not result in statutory tolling of

17  the applicable one-year limitations period.  *See* 28 U.S.C. § 2244(d) (one year limitations period);

18  *Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not toll limitations

19  period); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding "protective petitions").

20  If this case were simply dismissed at this point, the statute of limitations might bar petitioner from

21  filing a new federal habeas petition.

22    In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court

23  circumscribed the discretion of the federal district courts to impose stays to facilitate habeas

24  petitioners' exhaustion of claims in state court.  The *Rhines* Court stated:

25    [S]tay and abeyance should be available only in limited circumstances.
    Because granting a stay effectively excuses a petitioner's failure to
26    present his claims first to the state courts, stay and abeyance is only
    appropriate when the district court determines there was good cause

1   for the petitioner's failure to exhaust his claims first in state court.
    Moreover, even if a petitioner had good cause for that failure, the
2   district court would abuse its discretion if it were to grant him a stay
    when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C.
3   § 2254(b)(2) ("An application for a writ of habeas corpus may be
    denied on the merits, notwithstanding the failure of the applicant to
4   exhaust the remedies available in the courts of the State").

5   * * *

6   [I]t likely would be an abuse of discretion for a district court to deny a
    stay and to dismiss a mixed petition if the petitioner had good cause
7   for his failure to exhaust, his unexhausted claims are potentially
    meritorious, and there is no indication that the petitioner engaged in
8   intentionally dilatory litigation tactics.  In such circumstances, the
    district court should stay, rather than dismiss, the mixed petition.

9

10  *Rhines*, 544 U.S. at 277-78.

11          *Rhines* does not state or suggest that every unexhausted claim in the petition must

12  satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay will

13  be permitted.  Indeed, the rationale for permitting a stay would apply with more force to a petition in

14  which only one of the unexhausted claims meets the *Rhines* requirements, but is likely meritorious,

15  than it would to a petition in which all the unexhausted claims meet the *Rhines* requirements, but

16  none are more than potentially meritorious.  Therefore, the efficient approach is for the court to

17  address petitioner's motion for stay and abeyance before reaching respondents' exhaustion

18  arguments as to each individual claim.  If a stay is warranted with respect to any single claim, the

19  court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims.

20          In Ground 3, petitioner alleges that "the State failed to disclose material exculpatory

21  and impeachment information."  *See* Amended Petition, p. 107, lines 8-9; *see also*, *generally*, *id*.

22  pp. 107-10.  Specifically, petitioner asserts that the State did not disclose information about benefits

23  that were allegedly conferred upon witness Anthony Fisher in exchange for his testimony at the guilt

24  phase of petitioner's trial.  *See* Amended Petition, pp. 107-10.  Fisher was a prosecution witness who

25  testified that petitioner confessed to him that he was responsible for the September 23, 1994,

26  killings.  According to petitioner, when Fisher testified, there were, pending against him, charges of

4

1    manufacturing and trafficking a controlled substance, as well as child endangerment, and the State

2    did not disclose those pending charges to petitioner's counsel, and did not elicit information about

3    them at trial.  Also according to petitioner, the State failed to disclose to petitioner's counsel benefits

4    that Fisher had received, and benefits he anticipated receiving, vis-a-vis the charges against him, in

5    return for his testimony at petitioner's trial.

6            Petitioner suggests that the State's concealment of evidence supporting this claim

7    delayed his ability to pursue the claim, and is good cause for his failure to exhaust this claim in

8    state court.  Respondents did not respond at all to this argument.

9            The court finds good cause for petitioner's failure to exhaust Ground 3, in his

10   uncontested assertion that the State's concealment of evidence affected his ability to proffer this

11   claim in state court.  Furthermore, the court finds that Ground 3 is potentially meritorious, and there

12   is no indication that petitioner engaged in intentionally dilatory litigation tactics.  Therefore, the

13   court finds that, with respect to Ground 3, petitioner qualifies for a stay under *Rhines*.

14           Moreover, respondents concede that petitioner has shown good cause for failing to

15   exhaust Ground 6, because of changes in the law since the final resolution of his first state habeas

16   petition.  *See* Respondents' Reply to Opposition to Motion to Dismiss and Opposition to Counter-

17   Motion for Stay and Abeyance (docket #73), p. 8.  Respondents recognize that petitioner's claim in

18   Ground 6 is based in large part on the decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007),

19   which was rendered after the conclusion of petitioner's first round of state habeas proceedings.

20   The Nevada Supreme Court affirmed the denial of petitioner's first state habeas petition on

21   November 14, 2006.  Furthermore, here again, the court finds that the claim in Ground 6 is not

22   plainly meritless and there is no indication that the petitioner engaged in intentionally dilatory

23   litigation tactics.

24           Thus, the court finds that petitioner has met the standard for a stay under *Rhines*.

25   The court will deny respondents' motion to dismiss, will grant petitioner's motion for stay and

26

1   abeyance, and will stay this action so that petitioner may complete his pending state-court habeas

2   action, and fully exhaust all his unexhausted claims.

3          The court's intention is that this will be the only time that the court imposes a stay to

4   allow petitioner to exhaust claims in state court.  Petitioner must exhaust *all* of his unexhausted

5   claims in state court during the stay of the action imposed pursuant to this order.

6          Concomitantly, the court will deny petitioner's discovery motion.  Rule 6 of the Rules

7   Governing Section 2254 Cases in the United States District Courts states:  "A party shall be entitled

8   to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to

9   the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to

10  do so, but not otherwise."  The Supreme Court has held that if through "specific allegations before

11  the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully

12  developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide

13  the necessary facilities and procedures for an adequate inquiry."  *Bracy v. Gramley*, 520 U.S. 899,

14  908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286,  300 (1969)).  The Ninth Circuit Court of

15  Appeals has pointed out that "[a] habeas petitioner does not enjoy the presumptive entitlement to

16  discovery of a traditional civil litigant."  *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999)

17  (citing *Bracy*, 520 U.S. at 903-05).  "Rather, discovery is available only in the discretion of the court

18  and for good cause shown...."  *Id*.  The court instructed:

19             Habeas is an important safeguard whose goal is to correct real and
               obvious wrongs.  It was never meant to be a fishing expedition for
20             habeas petitioners to "explore their case in search of its existence."

21  *Rich*, 187 F.3d at 1067.

22          In determining whether there is good cause for discovery, within the meaning of

23  Rule 6 and *Bracy*, the court takes into consideration whether the claims upon which the petitioner

24  wishes to conduct discovery have been exhausted in state court; this is because habeas corpus relief

25  usually cannot be granted upon unexhausted claims.  *See* 28 U.S.C. § 2254(b); *see also Calderon v.*

26  *United States District Court* (*Hill*), 120 F.3d 927 (9th Cir. 1997); *Calderon v. United States District*

6

1   *Court* (*Roberts*), 113 F.3d 149 (9th Cir. 1997); *Calderon v. United States District Court* (*Nicolaus*),

2   98 F.3d 1102 (9th Cir. 1996), *cert. denied*, 520 U.S. 1233 (1997).

3          In this case, a substantial portion of the discovery requested by petitioner pertains to

4   claims that petitioner concedes are not yet exhausted in state court.  *See* Motion for Leave to

5   Conduct Discovery (docket #52), pp. 16-30.  These same claims are pending in state court, and, as is

6   discussed above, this case will be stayed pending the completion of that state-court litigation.

7          According to respondents, petitioner has filed an identical discovery motion in the

8   state-court action.  *See* Opposition to Motion for Leave to Conduct Discovery (docket #74), pp. 4-5.

9   That is the appropriate forum for petitioner's discovery request, at least in the first instance.  *See*

10   *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992) ("The state court is the appropriate forum for

11   resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding

12   to later federal-court proceedings can only degrade the accuracy and efficiency of judicial

13   proceedings.").

14          Under these circumstances, in the interests of federal-state comity and judicial

15   economy, the court will deny petitioner's discovery motion.

16          **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #28)

17   is **DENIED**.

18          **IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Conduct

19   Discovery (docket #52) is **DENIED**.

20          **IT IS FURTHER ORDERED** that petitioner's Motion for Stay and Abeyance

21   (docket #65) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court,

22   his unexhausted claims for habeas corpus relief.

23          **IT IS FURTHER ORDERED** that, on or before **June 15, 2009**, petitioner shall file

24   and serve a status report, describing the status of his state-court proceedings.  Thereafter, during

25   the stay of this action, petitioner shall file such a status report every six months (on or before

26   December 15, 2009; June 15, 2010, etc.).  Respondents may, if necessary, file and serve a response

1  to any such status report within 15 days after its service.  If necessary, petitioner may reply within 15

2  days of service of the response.

3           **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's

4  state-court proceedings, petitioner shall, within **30 days**, make a motion to administratively reopen

5  this case and lift the stay.

6           **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a

7  motion by respondents if petitioner does not comply with the time limits in this order, or if he

8  otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

9           **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be

10 the final opportunity that this court provides to petitioner to return to state court to exhaust claims for

11 habeas corpus relief.

12

13          Dated this ____6th____ day of  February  2009.

14

15          _____

16          CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

8