UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRAVERS ARTHUR GREENE,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:07-cv-00304-MMD-CWH<br><br>ORDER |

This capital habeas corpus action was stayed on February 6, 2009, pending the petitioner's exhaustion of claims in state court. (*See* Order entered February 6, 2009 (ECF No. 77).) Petitioner's state-court litigation has not yet been completed. (*See* Status Report filed December 15, 2016 (ECF No. 98).)

On January 10, 2017, petitioner filed a Motion to Temporarily Lift Stay to Supplement Amended Petition for Writ of Habeas Corpus. (ECF No. 99.) In that motion, petitioner requests that he be granted leave of court to add to his petition a claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). Petitioner filed the proposed additional claim as a supplement to his amended petition. (ECF No. 100.) Respondents did not respond to petitioner's motion.

The Court notes that petitioner characterizes the addition of the *Hurst* claim as a supplement to his petition, rather than as an amendment. *See* Fed. R. Civ. P. 15. For purposes of his motion, however, the distinction is immaterial. A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure

applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Hurst* was decided January 12, 2016. There is no indication that petitioner's request to add a claim based on *Hurst* within the following year involves undue delay, bad faith, or dilatory motive, or that respondents would be unduly prejudiced by the addition of such a claim.

Furthermore, while there appear to be serious questions regarding the retroactivity of *Hurst*, and its application in this case, the Court determines — for purposes of this motion only — that there is no indication that the addition of the *Hurst* claim would be futile. "[P]roposed amendments [are futile when they] are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

Petitioner requests that the Court waive the requirements of LR 15-1, which generally requires that a complete proposed amended petition be attached to a motion to amend, and that, after a motion to amend is granted, the petitioner is to file the complete amended petition. Under the circumstances here, in the interest of judicial economy and in the interest of conserving the parties' resources, the Court will waive the requirements

of Local Rule 15-1. After the completion of his pending state-court proceedings, and if and when the stay of this action is permanently lifted, the Court will require petitioner to file an amended habeas petition, including the new claim.

Nothing in this order will have any bearing on any other procedural issue in this case; nor will any aspect of this order have any bearing on the Court's consideration of the merits of petitioner's new claim in any other context.

It is therefore ordered that petitioner's Motion to Temporarily Lift Stay to Supplement Amended Petition for Writ of Habeas Corpus (ECF No. 99) is granted.

It is further ordered that petitioner is granted leave of court to add to his habeas corpus petition in this action the claim set forth in his Supplement to Amended Petition for Writ of Habeas Corpus (ECF No. 100). That claim will be considered added to the habeas corpus petition in this action. The Court will not, at this time, require petitioner to file an amended habeas petition, including his new claim. After completion of his state-court proceedings, and if and when the stay of this action is permanently lifted, the Court will require petitioner to file an amended habeas petition including this new claim.

It is further ordered that, in all other respects, the stay of this action will remain in effect.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court will substitute Timothy Filson for Renee Baker, on the docket for this case, as the respondent warden, and will update the caption of the action to reflect this change.

DATED THIS 22nd day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE